IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE GARCIA, | ) |
| PLAINTIFF, | ) |
| | ) Civil Action No. 17-cv-00881 |
| v. | ) |
| | ) |
| MIRAMED REVENUE GROUP, LLC, | ) |
| | ) <u>Jury Demanded</u> |
| DEFENDANT. | ) |

### COMPLAINT

Plaintiff, Denise Garcia, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425, *et seq.* ("ICAA"), and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with an attempt to collect an alleged debt from Plaintiff. *Bellwood v. Dwivedi*, 895 F.2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations,

and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5. Plaintiff, Denise Garcia ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Community First Medical Center consumer medical account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined at 225 ILCS 425/2 of the ICAA.

6. Defendant, Miramed Revenue Group, LLC ("Miramed"), is an Illinois limited liability company with its principal place of business at 991 Oak Creek Drive, Lombard, Illinois 60148. It does or transacts business in Illinois. Its registered agent is CT Corporation System, located at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

7. Defendant Miramed is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Defendant Miramed holds a collection agency license from the state of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

9. Defendant Miramed regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA, and a "collection agency" as that term is defined in 225 ILCS 425/2 of the ICAA.

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for Community First Medical Center

consumer medical account, account ending in 1803 ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

11. Due to her financial circumstances, Plaintiff could not pay the alleged debt and it went into default.

12. Miramed subsequently purchased or was otherwise assigned the alleged debt for collection.

13. On or about June 28, 2016, Miramed sent a collection letter ("Letter") to Plaintiff regarding the alleged debt.

14. The Letter communicated various credit information regarding the alleged debt, including the identity of the original creditor, an account number and a balance.

15. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDPCA.

16. The Letter was Miramed's initial communication with Plaintiff.

17. The Letter states that there are "Total Charges" of $3665.00, with adjustments of -$1759.18 for insurance payments.

18. Plaintiff had no other insurance that applied to the claim and no other adjustments or payments were listed.

19. Thus, the balance remaining was $1,905.82.

20. Yet Defendant's letter stated that the remaining patient balance was $100.00.

21. Plaintiff, and the unsophisticated consumer, would not know how much was owed on the alleged debt, as the itemization provided by Defendant indicated that $$1,905.82 was remaining, while the amount due provided by Defendant indicated that $100 was owed.

22. Had Plaintiff paid the $100, she would still owe more than $1,800 to Miramed.

23. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**Validation of debts**

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt. . . .**

24. Miramed failed to provide notice to Plaintiff of the amount of the alleged debt in its initial communication, in violation of 15 U.S.C. § 1692g(a)(1), when it communicated varying amounts in the same collection letter.

25. Miramed sent no other notices within 5 days of its initial notice.

26. Plaintiff purchased her credit report to learn more about the debt and to find out the actual balance. But neither the hospital nor Miramed was reporting the alleged debt.

27. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

**(A) the character, amount, or legal status of any debt. . .**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

28. Miramed falsely misrepresented the character and amount of an alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(8), when it communicated varying amounts on the alleged debt to Plaintiff in the same collection letter.

29. 225 ILCS 425/9.3(a) of the ICAA requires the following:

> **Within 5 days after the initial communication with a debtor in connection with the collection of any debt, a collection agency shall, unless the following information is contained in the initial communication or the debtor has paid the debt, send the debtor a written notice with each of the following disclosures:**
>
> **(1) The amount of the debt. . . .**

30. Miramed failed to provide notice of the amount of an alleged debt, in violation of 225 ILCS 425/9.3(a), when it communicated varying amounts owed in its initial communication with Plaintiff.

31. Miramed sent no other notice within 5 days of its initial communication.

32. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E. 2d 154 (1st Dist. 1979).

33. In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

34. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F. 3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff re-alleges the above paragraphs as set forth fully in this count.

36. Miramed failed to effectively inform Plaintiff of the amount of the alleged debt in its initial communication, in violation of 15 U.S.C. § 1692g(a)(1), when it communicated varying amounts in the same collection letter.

37. Miramed falsely misrepresented the character and amount of an alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(8), when it communicated varying amounts on the alleged debt to Plaintiff in the same collection letter.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C.    Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

38. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

39. Miramed failed to provide notice of the amount of an alleged debt, in violation of 225 ILCS 425/9.3(a), when it communicated varying amounts owed in its initial communication with Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Compensatory and punitive damages;

    B.    Costs; and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
celethachatman@woodfinkothompson.com