IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENISE GARCIA,                )
                              )
        Plaintiff,             )
                              )
    v.                         )   No. 17 C 881
                              )
MIRAMED REVENUE GROUP, LLC,    )
                              )
        Defendant.             )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Denise Garcia's (Garcia) motion for summary judgment and on Defendant Miramed Revenue Group, LLC's (Miramed) motion for summary judgment. For the reasons stated below, Garcia's motion for summary judgment is granted in part and denied in part, and Miramed's motion for summary judgment is granted in part and denied in part.

## BACKGROUND

Garcia allergy owed a debt (Debt) for a defaulted Community First Medical Center consumer medical account. Miramed is allegedly a debt collector that tried to collect the Debt from Garcia. In June 2016, Miramed allegedly sent Garcia a collection letter (Letter) as an initial communication. In the Letter Garcia was

1

allegedly informed that the remaining balance owed was $100. However, the accounting statement included with the Letter allegedly indicated that $1,905.82 was still owed. Garcia contends that Miramed failed to provide notice of the amount of the Debt when it communicated varying amounts owed to Garcia. Garcia includes in her complaint a claim alleging a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* (Count I), and a claim alleging a violation of the Illinois Collection Agency Act (ICAA), 225 ILCS 452/1 *et seq.* (Count II). Garcia and Miramed now each move for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in

a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross motions for summary judgment, the court should "construe the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

## DISCUSSION

### I. FDCPA Claim

Miramed argues that it did not fail to provide notice as required under the FDCPA and that even if it did fail to do so, it is protected by the bona fide error defense.

#### A. Compliance with Notice Requirement

Garcia argues that Miramed failed to comply with its obligation under the FDCPA to provide notice of the Debt to Garcia. The FDCPA provides in part 15 U.S.C. § 1692g, that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer

has paid the debt, send the consumer a written notice containing– . . . the amount of the debt. . . ." 15 U.S.C. § 1692g(1). In determining whether a debt collector provided false or misleading information in violation of the FDCPA, the court should employ the objective unsophisticated consumer standard. *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 273 (7th Cir. 2014). It is undisputed that in the Letter Miramed informed Garcia that the "Amount Due" and the "Remaining Patient Balance" was $100.00. Yet it is further undisputed that the Letter also contained an "accounting of the patient" for the "Remaining Patient Balance" that indicated that the "Total Charges" were $3,665.00, and that the only payments so far had been $1,759.18 which had been paid by insurance. Presented with such information a reasonable consumer would not be certain whether the consumer owed $100.00 or $1,905.82. It is undisputed that even though Miramed represented in the Letter that the "Remaining Patient Balance" was $100.00, Garcia in fact owed the $1,905.82. The Seventh Circuit has stated that an initial debt collection letter must state the debt "clearly enough that the recipient is likely to understand it." *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004). Based on the inconsistent information provided in the Letter an unsophisticated consumer would not understand what amount was still owed on the Debt. Even an unsophisticated consumer would be able to add or use a calculator and discern the inconsistencies in the Letter. *See Gruber*, 742 F.3d at 273 (stating that "[a]lthough the hypothetical

unsophisticated consumer is not as learned in commercial matters as are federal judges, he is not completely ignorant either").

Miramed contends that it was truthful to state that Garcia owed $100 even if she may have owed more as well. Miramed was obligated, however, to give notice of the entire Debt. Also, by stating that the "Remaining Patient Balance" was $100, Miramed implied that nothing more was owed. Based on such undisputed facts, Miramed failed to comply with notice requirements in Section 1962g in regard to notice of the amount of the Debt.

### B. Bona Fide Error Defense

Miramed argues that even if it failed comply with the FDCPA notice requirement, Miramed is protected by the bona fide error defense. The FDCPA provides that "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Miramed argues that it merely presented the Debt base upon the account information provided by the creditor and that it has procedures in place to ensure that accurate information is provided to debtors. Whether or not the creditor gave information concerning payments made, is irrelevant. Miramed may not have intentionally and wilfully violated the FDCPA, but the undisputed facts show that

5

Miramed intentionally chose to present the conflicting information concerning the amount of the Debt believing it to be compliant with the law. *See Leeb v. Nationwide Credit Corp.*, 806 F.3d 895, 899 (7th Cir. 2015)(stating that "liability is not confined to willful violations"); *Flores v. Portfolio Recovery Assocs., LLC*, 2017 WL 5891032, at *5 (N.D. Ill. 2017)(stating that bona fide error "defense is limited to factual or clerical mistakes, and does not shield mistaken applications of the law")(citing *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010)). Miramed is thus not entitled to prevail based on the bona fide error defense. Based on the above, Garcia's motion for summary judgment on the FDCPA claim is granted and Miramed's motion for summary judgment on the FDCPA claim is denied.

## II. ICAA Claim

Miramed argues that there is no private right of action under the ICAA. Garcia acknowledges that the Illinois Supreme Court has not recognized such a private right of action. Nor has Garcia cited any cases in which such a right has been recognized. This court declines to recognize such a cause of action under the ICAA. Therefore, Miramed's motion for summary judgment on the ICAA claim is granted and Garcia's motion for summary judgment on the ICAA claim is denied.

## CONCLUSION

Based on the above, Garcia's motion for summary judgment on the FDCPA claim is granted and Miramed's motion for summary judgment on the FDCPA claim is denied. Miramed's motion for summary judgment on the ICAA claim is granted and Garcia's motion for summary judgment on the ICAA claim is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 30, 2018